IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ROGER ALLAN LANDAVAZO,
individually, as parent of Jason
Landavazo; and as parent and
Personal Representative of the
Estate of Joshua Allan Landavazo,

        Plaintiff,

vs.                                                    CIVIL NO. 03-1184 MV/LFG

LARRY A. HEARNE, JERRY HESS
and FARMERS INSURANCE COMPANY,

        Defendants.

JERRY HESS,

        Counterclaimant/Cross-Claimant,

vs.

ROGER ALLAN LANDAVAZO, individually,
and as parent and Personal Representative of the
Estate of Joshua Allan Landavazo, Deceased,

        Counterclaim Defendant,

LARRY A. HEARNE,

        Cross-Claim Defendant.

**PROPOSED FINDINGS OF FACT
AND RECOMMEND DISPOSITION**[1]

THIS MATTER is before the Court on the parties' February 11, 2004 Motion for Court

Approval of Minor Settlement [Doc. 30] and joint Stipulation outlining terms of the settlement [Doc.

---

[1] Parties were advised of their right to file objections to this report and recommendation within ten days, pursuant to 28 U.S.C. § 636(b)(1). However, in order to expedite the approval of this settlement, counsel agreed at the February 12, 2004 hearing that they had no objection to the Court's proposed findings and recommendation disposition.

31]. Court approval is necessary because of the presence of Jason Landavazo who is a minor.[2]

Having heard the presentations of counsel and court-appointed Guardian Ad Litem, Theodore W. Barudin, along with the testimony of Roger Allan Landavazo ("Landavazo"), presented at a hearing on February 12, 2004, the Court finds:

### **Findings**

1. Landavazo brought this lawsuit individually and as Parent of Jason Landavazo, his son, and as Personal Representative of the Estate of Joshua Allan Landavazo, deceased.

2. Pursuant to NMSA 2001, § 41-2-3, Joshua Allan Landavazo's father and mother are the sole beneficiaries of the estate. As the father and mother are both in their majority, Court approval of the wrongful death claim is not required.

3. Roger Landavazo claims that his son, Jason, was emotionally injured as a result of witnessing the traumatic death of his brother, Joshua. The claims brought by Jason include negligent infliction of emotional distress, bystander recovery and loss of consortium.

4. Jason suffered no physical injury as a result of the accident that took his brother's life. While he has seen a school counselor, he is not under any treatment by a psychiatrist, psychologist, therapist or other healthcare provider for emotional harm proximately caused by his witnessing the accident or his sense of loss due his brother's death.

5. Jason has not been diagnosed by any healthcare provider as having suffered post-traumatic stress syndrome or any other diagnosable illness proximately caused by the accident.

---

[2] The general rule is that the court must give approval to a settlement when minor children are involved. The court "has a special obligation to see that [children] are properly represented, not only by their own representatives, but also by the court itself." Garcia v. Middle Rio Grande Conservancy Dist., 99 N.M. 802, 808, 664 P.2d 1000, 1006 (Ct. App. 1983), *overruled on other grounds by* Montoya v. AKAL Sec., Inc., 114 N.M. 354, 357, 838 P.2d 971, 974 (1992).

6. Landavazo recognizes that should Jason's condition worsen for any reason at some time in the future, neither he nor Jason would be able to return to court to seek additional damages, or to bring any new action against the Defendants arising out of the same facts and circumstances. That is, Landavazo understands that this settlement is "now and forever."

7. Landavazo participated in settlement discussions in conjunction with his attorneys. He was an active participant and, together with his attorneys, made proposals and considered Defendants' counter proposals. Ultimately, Landavazo agreed to the terms of the settlement.

8. Landavazo believes the settlement is fair and reasonable; Landavazo requests that the Court approve the settlement.

9. At the time Landavazo participated in settlement negotiations and, subsequently, at the fairness hearing, he was not under the influence of medication, drugs, alcohol or any chemical substance that would interfere with his ability to understand.

10. Landavazo was not forced or coerced into accepting the settlement and affirmatively states that the decision to settle the case was a free and voluntary act on his part.

11. The total settlement in this case for Jason Landavazo is $50,000. So as to provide for his educational needs, the parties have structured a settlement that will provide Jason with $10,000 on his 18th birthday; $12,500 on his 21st birthday; $15,000 on his 25th birthday; and $35,450 on his 30th birthday.

12. No part of the settlement for Jason Landavazo is being used for payment of attorney fees or costs. Rather, those costs and fees are being paid from the wrongful death settlement or from the portion of settlement for Roger Landavazo individually.

13. Landavazo understands that the proceeds of the settlement attributed to Jason Landavazo are to be used solely for Jason's benefit in accord with <u>Leyba v. Whitley</u>, 118 N.M. 435, 882 P.2d 26 (Ct. App. 1994), *rev'd on other grounds*, 120 N.M. 768, 907 P.2d 172 (1995).

14. Landavazo was represented by competent counsel in this proceeding. Landavazo's attorneys discussed with him the facts in evidence that he would need to present to prevail on his claims. His attorneys discussed the defenses that Defendants asserted. His attorneys conducted an adequate investigation into the facts and circumstances relating to the claims and defenses.

15. Landavazo was pleased with his legal representation and had no complaints whatsoever about his lawyers or the quality of their legal representation.

16. Theodore W. Barudin was appointed as Guardian Ad Litem for Jason Landavazo. Mr. Barudin served as an "arm of the court" for purposes of conducting an investigation, interviewing Jason Landavazo and the family, reviewing the terms and conditions of settlement, and reporting his recommendation to the Court. He has filed a report in accord with the Court's directive [Doc. 27].

17. The Guardian Ad Litem interviewed Jason as well as Jason's parents, discussed with them the facts which gave rise to the action, the laws applicable to the facts, the merits of the action, and the value of the case. Based on the Guardian Ad Litem's independent evaluation, he determined that Roger Landavazo understood the facts, law, merits, risks and value of the lawsuit, as well as the terms and conditions of the settlement. The Guardian Ad Litem reported that after considering the merits and the potential value of the action, as well as considering the advantages offered by resolving this litigation and concluding the lawsuit through settlement as opposed to trial, it is in the best interests of the child that the Court approve the terms and conditions of the settlement.

18. The Guardian Ad Litem was satisfied that the structured settlement would preserve funds

for Jason's educational use, and the structure is intended to provide Jason with funds during his college years and thereafter.

19. The Guardian Ad Litem also noted that a similar annuity is being purchased for Jason's sister, Kristen Landavazo, who is also sister to the decedent, although not present at the accident, and had no individual claims against the Defendants. Roger Landavazo agreed to set aside $40,000 from his portion of the settlement to purchase an annuity for Kristen.

20. Both the Guardian Ad Litem and the Court are satisfied that the money being used for the purchase of Kristen's annuity was not deducted from any portion of the settlement set aside for Jason. In other words, Jason would not have received $90,000 in settlement. Rather, the entirety of the funds used to purchase Kristen's annuity come from the funds to which Roger Landavazo is entitled, either as a statutory beneficiary under the wrongful death claim or as an individual claimant for loss of consortium and negligent infliction of emotional distress.

21. The Guardian Ad Litem's fees will be paid by Defendants and will not come out of Jason's settlement.

22. The parties were advised of their right to file objections to the Court's proposed findings and recommended disposition pursuant to the 28 U.S.C. § 636(b)(1), and all the parties waiver their right to object.

## **Conclusions**

After consideration of the evidence, presentation of counsel, Roger Landavazo's testimony, as well as the Guardian Ad Litem's report and recommendation, the Court concludes that it has jurisdiction over the parties and subject matter and that the settlement is in the best interest of the minor child, Jason Landavazo.

**Recommendation**

The undersigned magistrate judge recommends that the Court enter an order approving the parties' settlement without further hearing, and that the case be dismissed with prejudice.

*Lorenzo F. Garcia*
Lorenzo F. Garcia
Chief United States Magistrate Judge